```
          UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**KENNETH EUGENE CARTER,**

      Plaintiff,

v.                          Civil Action No. 2:17-cv-03743

**DIVISION OF CORRECTIONS,**
**WARDEN DAVID BALLARD, and**
**TOM CHANDLER, CFCI,**

      Defendants.


## MEMORANDUM OPINION AND ORDER

Pending is the motion to dismiss filed on December 1, 2017 by the defendants. In the complaint, the plaintiff, an inmate at Mount Olive penitentiary, seeks possession of prescription sunglasses that have been withheld from him by the prison officials where he is incarcerated because the glasses do not conform to the prison's requirements.

This action was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission to the court of his Proposed Findings and Recommendation ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). On August 9, 2018, the magistrate judge entered his PF&R recommending that the motion to dismiss be granted, that the plaintiff's complaint be dismissed, that the temporary

restraining order against the defendants be terminated, and that this matter be dismissed from the docket of the court.  The plaintiff filed objections to the PF&R on August 27, 2018, and amended the objections on September 4, 2018 to include a case citation, which the court has taken into consideration in this decision.  Defendants Division of Corrections and Tom Chandler filed a response to the plaintiff's objections on September 10, 2018.

The court reviews objections de novo.  Furthermore, "[t]he Federal Magistrates Act requires a district court to 'make a de novo determination of <u>those portions</u> of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made.'"  <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis in original) (quoting 28 U.S.C. 636(b)(1)).

Plaintiff lodges several objections to the PF&R, all but two of which fail to identify specific portions to which objection is made or fail to clearly state the basis for the objection.  However, to the extent the objections may be discerned, the court evaluates the merit of each.

The first objection is that of a general disagreement with the ultimate conclusion of the PF&R--that the complaint should be dismissed. ECF No. 41, at 1-2.  The plaintiff states

that the decision of the magistrate judge was based on his confusion of the facts. Id. The plaintiff argues that he should be given an opportunity to amend the pleadings to "correct deficiencies" and "accurately clarify the circumstances." Id. The defendants respond by correctly noting that the plaintiff has already had reasonable opportunity to correct any deficiencies in the pleading. ECF No. 44, at 2. The proposed amendment is made without basis, as the plaintiff has not demonstrated that he can plead any facts that would lead the court to believe that an amendment to the complaint is not futile. See Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) ("[L]eave to amend a pleading should be denied . . . when the amendment would be . . . futile."). The request to amend his complaint is denied.

In objection 2B, the plaintiff objects to the finding that the complaint failed to state a plausible Fourth Amendment claim. ECF No. 41, at 3. As the magistrate judge discussed in the PF&R, there was no unlawful search or seizure in this case. PF&R 5-8. West Virginia Division of Corrections ("WVDOC") Policy Directive 400.03 states that sunglasses for inmates are approved only if they are non-prescription, unless the lenses are transition lenses. ECF No. 27, Ex. 2 at 14, 28; ECF No. 28, at 3. Defendant Chandler issued the package refusal notice

because the delivered item was a pair of prescription sunglasses that did not have transition lenses. ECF No. 28, at 3; ECF No. 2, Ex. G. WVDOC is permitted by well established law to search prisoners' mail and seize any contraband. See Hudson v. Palmer, 468 U.S. 517, 526 (1984) (prisoners do not have an expectation of privacy in their incoming mail); Wenzler v. Warden of G.R.C.C., 949 F. Supp. 399, 402 (E.D. Va. 1996) (a prisoner does not have a property interest in an item he is not permitted to have under prison policy).

The rest of the plaintiff's argument in this objection reasserts the claim that the prison should not have approved the purchase of these glasses. ECF No. 41, at 3. As the magistrate stated in the PF&R, the prison's approval of the voucher that allowed plaintiff to purchase the sunglasses has no bearing on the Fourth Amendment claims asserted against the defendants. PF&R 7-8. Inasmuch as the magistrate judge sufficiently considered and properly rejected this argument, the objection is denied.

Objections 2A, 3, 4, and 6 assert claims not raised in the complaint, and the plaintiff may not raise those claims for the first time here.[1] The remaining objections, numbered 5, 7,

---

[1] The plaintiff argues that the PF&R did not address the liability of defendants Division of Corrections and Warden Ballard under the doctrine of *respondeat superior*. ECF No. 41, at 2-5. However, nowhere in the pleadings

and 8, are not germane to the complaint nor do they object to any of the findings of the PF&R.[2] Finally, the arguments in the section of the objections titled "General Allegation," ECF No. 41, at 6-7, merely reiterate arguments previously made and contain no particular objections to the PF&R other than disagreeing, generally, with its findings.

Therefore, it is ORDERED as follows:

1. That the plaintiff's objections to the PF&R be, and hereby are, overruled.

2. That the magistrate judge's Proposed Findings and Recommendation be, and they hereby are, adopted and incorporated in full.

3. That the pending motion to dismiss be, and it hereby is, granted.

---

did the plaintiff allege that the Division of Corrections or Warden Ballard should be held liable under *respondeat superior*.

[2] Objection 5 references two documents attached to his objection, an optometry report and a memorandum from the Superintendent to the prison staff and inmates, in an effort to show malice and wrongdoing by the defendants, but makes no actual objection to the PF&R. ECF No. 41, at 4-6. Objection 7 is a laundry list of jurisdictional statutes that were not at issue in the complaint and are irrelevant here. Id. at 5. Objection 8 erroneously relies on West Virginia Code § 29-12-5 in support of a meritless claim that plaintiff may receive monetary damages in this suit, up to the amount of the state's insurance coverage, despite defendants' Eleventh Amendment immunity. Id.; see Westinghouse Elec. Corp. v. W. Va. Dep't of Highways, 845 F.2d 468, 470 (4th Cir. 1988).

4. That the temporary restraining order against the defendants be, and it hereby is, terminated; and

5. That this civil action be dismissed and stricken from the docket of the court.

The clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record and to any unrepresented parties.

Enter: September 13, 2018

John T. Copenhaver, Jr.
United States District Judge